Chief Randy Dean Lavaca Police Department 103 South Davis Street Post Office Box 3 Lavaca, AR 72941
Dear Chief Dean:
You have requested an Attorney General opinion concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that a request has been presented for certain personnel and job performance records of a police officer who was suspended from your department for harassment. It is my understanding that you have determined that the requested records should be released with certain information redacted. You have provided me with two sets of copies of the records. One of the sets is unredacted, and the other shows the redactions that are proposed.
The records are the following:
• An arrest report
• A memo informing the officer of his suspension
• Four witness/victim statements
 • A report of the investigation of the incidents that gave rise to the suspension;
• A memo informing the officer that he was being placed on probation
I am directed by law to issue my opinion as to whether your determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
Summary of Opinion
It is my opinion, as explained more fully below, that:
• The arrest report should be released.
 • The question of whether the suspension memo, the witness/victim statements, and the investigation report should be released depends on whether there has been a final administrative resolution of the suspension, or the time for appeal of the suspension has lapsed. If so, and the suspension was upheld, these records should be released.
• The probation letter should be released.
 • The question of whether any items of information should be redacted from these records turns largely on certain factual determinations that you must make, as explained below.
The Arrest Report
The arrest report should be released. In Hengel v. City of Pine Bluff,307 Ark. 457, 821 S.W.2d 761 (1991), the Arkansas Supreme Court held that arrest reports are subject to disclosure under the FOIA. However, it is not necessary to make all of the redactions that you have proposed to make on the arrest report. The Hengel court held that even though reputational and privacy interests may be implicated by the disclosure of arrest records, those interests are outweighed by the strong public concern with official government action that marks the beginning of the criminal justice process.
Because of the requirements of federal law, you are correct to redact the social security number and the driver's license number. See5 U.S.C. § 552a, note (the "Federal Privacy Act"); 18 U.S.C. § 2721et seq. However, none of the other information on the report should be redacted.
The Suspension Notice Memo
The memo notifying the officer of his suspension is properly classified as an "employee evaluation/job performance record" within the meaning of the FOIA. Although the FOIA does not define the term "employee evaluation/job performance records," this office has consistently interpreted the term to refer to any records that were created by or at the behest of the employer, and that detail the employee's performance or lack of performance on the job. See, e.g., Ops. Att'y Gen. Nos.2003-015; 2002-263; 2002-210; 2002-158; 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144. A notice of suspension that states the reason for the suspension falls within this description and therefore constitutes an "employee evaluation/job performance record." See Ops. Att'y Gen. Nos. 2001-141; 2001-276; 2000-267; 2000-203; 97-400.
Under the FOIA, "employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
It is my opinion that if there has been a final administrative resolution of the suspension and the suspension was upheld — or if the time for appeal of the suspension has lapsed, see Ops. Att'y Gen. Nos. 1999-361; 99-359; 98-006 (opining that there has been no final administrative resolution of a termination or suspension decision until the appeal process has been completed or until the time period for the appeal process has lapsed) — the remaining conditions for the release of the memo have been met. The memo clearly sets forth the basis for the suspension, and there is no question that the public has a compelling interest in whether public police officers have engaged in conduct that can be characterized as harassment. Therefore assuming that the first condition for release has been met, the memo should be released.
The Witness/Victim Statements
The witness/victim statements also constitute "employee evaluation/job performance records." This office has consistently taken the position that statements that were solicited by the employer and were created as a part of the employer's investigation into the officer's conduct constitute "employee evaluation/job performance records." See Ops. Att'y Gen. Nos.2001-144; 2001-123. The witness/victim statements that you have provided clearly meet this description. Their releasability therefore must be analyzed under the above-discussed three-part standard.
It is my opinion that if there has been a final administrative resolution of the suspension and the suspension was upheld, or if the time for appeal of the suspension has lapsed, the other two conditions for the release of the statements have been met. That is, the statements clearly reflect the incidents that formed the basis for the suspension, and as indicated previously, it is uncontroversial that the public has a compelling interest in the public conduct of public police officers.
Therefore, assuming that the first condition for release has been met, the witness/victim statements should be released.
The question of whether any information should be redacted from these statements is a question of fact. I note that in these and some of the other records, you have proposed to redact individuals' names and other personal information about those individuals, such as home addresses and telephone numbers. In making redactions, you should be aware that Arkansas law does not provide for any general privacy protection, nor does the FOIA contain a general privacy provision that would authorize redactions generally.[1]
The only privacy protection other than specific exemptions that is available to persons who are not public employees that could override the disclosure requirements of the FOIA is the constitutional right of privacy. In McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989), the court recognized that a constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. In order to invoke this protection, the individual must be able to establish that the information in question is information that: (1) the individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. Whether such an interest exists is question of fact
The Attorney General is not authorized to make a factual determination as to whether any of the information contained in the records you have provided rises to the level of constitutional protection. As custodian of the records, you are in the best position to determine whether, under the facts of the situation, any of this information satisfies the three-part standard set forth in McCambridge, supra. Any information contained in the records that you determine does not meet this standard should not be redacted.
The Investigation Report
The investigation report also constitutes an "employee evaluation/job performance record." It is clearly a record that was created by the employer as a part of an investigation of the conduct of an employee. It is my opinion for the reasons given in support of the release of the witness/victim statements and the suspension notice memo that if there has been a final administrative resolution of the suspension and the suspension was upheld, or if the time for appeal of the suspension has lapsed, the other two conditions for the release of the investigation report have been met. Therefore, assuming that the first condition for release has been met, the report should be released. Again, as explained previously, you must determine whether as a factual matter any of the information contained in the report rises to the level of constitutional protection and should be redacted.
The Probation Notice Memo
The probation notice constitutes a "personnel record" within the meaning of the FOIA, and its releasability is governed by a different standard. The FOIA does not define the term "personnel records." This office has consistently taken the position that "personnel records" any records other than employee evaluation/job performance records that relate to the individual employee. See Ops. Att'y Gen. Nos. 2002-085; 2001-154; 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-055; 2001-101; 98-001. It is my opinion that the public's interest in records reflecting the conduct of police officers while on duty outweighs the officer's privacy interest in those records. It is therefore my opinion that the release of the probation notice would not constitute a clearly unwarranted invasion of the officer's privacy. The probation notice should therefore be released.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Act 608 of 1981 added a clause to the FOIA to provide a general privacy exemption for information "of a personal nature." See
Acts 1981, No. 608, § 1. However, that clause was deleted byAct 468 of 1985. See Acts 1985, No. 468, § 1.